UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Court No.: 16-cr-10343-6-ADB |
| v. ) | |
| ) | |
| MICHAEL L. BABICH, et al., ) | |
| ) | |
| Defendants. ) | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT JOSEPH ROWAN'S
MOTION FOR MODIFICATION OF BAIL TERMS**

The United States of America hereby opposes Defendant Joseph Rowan's Motion for Modification of Bail Terms (hereinafter "the Motion"), which requests that this Court replace a condition of release requiring a $100,000 secured bond, with a condition requiring an unsecured bond. As grounds for this opposition, the United States submits the following.

**BACKGROUND**

On December 6, 2016, a Grand Jury returned an indictment charging the Defendant Joseph A. Rowan ("Rowan") and five other former corporate executives, with crimes related to bribing prescribers and defrauding insurers in order to profit from selling a rapid onset opioid manufactured by their company. The rapid onset opioid is one of the most potent and dangerous fentanyl products available for sale in the United States. Rowan is charged with three felony counts, including Racketeering Conspiracy (count 1), Mail Fraud Conspiracy (count 2), and Conspiracy to Violate the Anti-kickback Law (count 4). Two of the three counts faced by Rowan carry maximum penalties of 20 years imprisonment.

Following his arrest, the Defendant appeared before a United States Magistrate Judge in the Northern District of Florida. At the hearing, the United States moved for conditions of release

including a $100,000 secured bond. The Magistrate Judge, pursuant to the authority granted by 18 U.S.C. § 3142(c), released Rowan subject to conditions, including a $100,000 secured bond. The Defendant posted a $100,000 cash security and was immediately released.

Approximately one month later, at his Arraignment on January 5, 2017 in the District of Massachusetts, the United States moved to release the Defendant on the same conditions imposed by the Magistrate Judge in the Northern District of Florida. During the hearing, the Court explicitly inquired about the Defendant's position regarding conditions of release. The Defendant did not object to the government's request, and the Court imposed the same conditions, including a $100,000 secured bond. Electronic Clerk's Notes for proceedings held before Magistrate Judge Jennifer C. Boal (No. 27) (January 5, 2017).

## **LAW**

In making the determination whether "any condition or combination of conditions will reasonably assure the appearance of the [defendant] as required and the safety of any other person and the community," the Bail Statute directs consideration of the following factors:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
> (2) the weight of the evidence against the person;
> (3) the history and characteristics of the person, including—
>   (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>   (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release . . .

18 U.S.C. § 3142(g).

**ARGUMENT**

*Weight of the Evidence*

As described above, 18 U.S.C. § 3142(g)(2), provides that the "weight of evidence against" the Defendant is a factor to be considered when determining whether to impose conditions of release. See United States v. Rice, 2006 WL 1687749, at *2 (W.D. Ky. Jun. 19, 2006) (noting that "strong evidence against a person could increase their risk of flight because they believe they are likely to be convicted").

Evidence against Rowan, includes but is not limited to the following:

Defendant Alec Burlakoff ("Burlakoff") hired Rowan as a sales rep in July 2012. Like many of the reps hired after June 2012, Rowan had previously worked for a competitor pharmaceutical company selling a rapid onset opioid. Burlakoff knew that Rowan had a very close relationship with Dr. Xiulu Ruan ("Ruan"), one of the top prescribers of opioids in the southeast United States. Burlakoff did not assign Rowan to a territory; but rather, to a single prescriber, Ruan.

Within a month of being hired, Rowan began using his company's Speaker Program to bribe Ruan to write prescriptions. Between Ruan's first purported speaking event in August 2012 and the first week of December 2012, Rowan gained approval to pay Ruan $24,000 for 10 speaker events. Ruan responded by writing more than $290,000 worth of prescriptions for the company's rapid onset opioid during the same period. Ruan was convicted in March 2017 on a federal Indictment related to the rapid onset opioid sold by Rowan.[1]

---

[1] While the fact of Ruan's conviction would not likely be admitted against Rowan at trial, the Rowan trial will include evidence similar to the evidence used to convict Ruan. Accordingly, the Ruan conviction provides an objective demonstration of the weight of the evidence in the case against Rowan.

Just three months after joining the company, and despite being assigned to only one doctor, defendants Michael Babich ("Babich") and Burlakoff promoted Rowan to replace Burlakoff as District Manager for the Southeast. The sales rep assigned to Ruan following Rowan's promotion, has since pled guilty to participating in a scheme to pay kickbacks to Ruan for writing prescriptions for her company. The sale rep was trained and directly supervised by Rowan.

As Southeast District Manager, and eventually Regional Sales Director, Rowan participated in a national scheme to bribe physicians. Evidence demonstrates that he was an active, knowing participant in the conspiracy. At one point, Burlakoff actually copied Rowan on a text sent to a Florida prescriber, in which Burlakoff told the physician, "I can commit to 100k to you via speaker programs or meals toward your restaurant. We don't need the food, just charge our card and give is [sic] an itemized receipt. Just need your support with [the company's rapid onset opioid]."

Using fake restaurant receipts to cover bribes for prescribers was not an unfamiliar tactic for Rowan. On one occasion, Rowan was recorded, together with another manager, explaining to sales reps how to conduct similar schemes, using fake food purchases to hide bribes for doctors. After giving multiple examples, Rowan told the group, "Find your caterer. Find your guy on the side…get away from the freaking Olive Gardens of the world…they don't do it for you."

*Financial Resources*

The Bail Statute provides that the history and characteristics of the defendant including, "the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, [and] community ties …" are also among the factors to be considered when determining whether to impose conditions of release. 18 U.S.C. § 3142(g) (3) (A). The Motion makes several assertions regarding Rowan's family and ties to the

community, each of which were presumably true when the current conditions of release were imposed at the time of the Defendant's Initial Appearance and Arraignment in Massachusetts. The Defendant, however, now asserts financial hardship caused by the charges in this case. A review of Rowan's financial records reveal that he possesses the financial resources necessary comfortably to secure a $100,000 bond.

According to records, Rowan has an interest in multiple real properties in Florida, including:

a. 726 Bunkers Cove Rd, Panama City, FL,

b. 1409 14th St E, Lynn Haven, FL,

c. 1411 14th St E, Lynn Haven, FL, and

d. 2724 Country Club Dr, Lynn Haven, FL.

These properties appear to contain significant available equity, including available lines of credit.[2]

### 726 Bunkers Cove Rd, Panama City, FL

On May 19, 2015, Rowan and his wife took title to this property. On or about May 19, 2005, the property was encumbered with a $550,000 line of credit from Hancock Bank. According to financial records, as of November 8, 2016, Rowan owed $91,001.14 to Hancock Bank. On April 11, 2017, Zillow, a real estate website, estimated that the property was worth $932,463. Based on the estimated value of the property and the available line of credit, even if Rowan has fully exhausted the $550,000 line of credit, this property has significant equity available.

---

[2] Rowan also has an interest in at least one more property but, based on available property records, that property appears to be worth less than the outstanding financial obligation. Rowan is the registered owner of a 15 foot 1998 powerboat and is a registered owner of several vehicles in the State of Florida that appear to be financed. Rowan also owns a motor home, but based on a review of financial records it appears that the financing exceeds the value of the collateral.

### 1409 14th St E, Lynn Haven, FL

On February 28, 2005, Rowan took title to this property along with his wife, Darrell M. Hallmon, and Katharine J. Hallmon. On that same date, Lawrence Residential Funding Corp. encumbered the property with a mortgage for $103,500. On April 11, 2017, the Zillow estimate was $107,260. Also according to Zillow, the property was listed for sale from April 16, 2016 until February 28, 2017. The Zillow listing description provides "[i]ncome producing or affordable living…." Therefore, based on the pubic financial records and the publicly available information on Zillow, the property is a rental property capable of producing income. In addition, the property may also have available equity to serve as collateral for a loan or line of credit.

### 1411 14th St E, Lynn Haven, FL

On February 28, 2005, Rowan also took title to this property along with Denise H. Rowan and Darrell M. Hallmon and Katharine J. Hallmon. On that same date, Lawrence Residential Funding Corp. encumbered the property with a mortgage for $103,500. On April 11, 2017, the Zillow estimate was $102,019. Also according to Zillow, the property was listed for sale from April 16, 2016 until February 28, 2017. The Zillow listing description provides "…[a]ffordable living or income producing investment opportunity…." Therefore, based on the pubic financial records and the publicly available information on Zillow, the property is a rental property capable of producing income. In addition, the property may also have available equity to serve as collateral for a loan or line of credit.

<u>2724 Country Club Dr, Lynn Haven, FL</u>

On August 11, 2003, Joseph and Denise H. Rowan took title to this property. Over time, with the exception of a line of credit and mortgage, the property was encumbered with several loans, which were satisfied. On August 16, 2008, the property was encumbered with a $125,000 line of credit that has not been satisfied. In addition, on December 16, 2010, Amtrust provided a $335,000 mortgage, which has not been satisfied. According to Zillow, on April 11, 2017, the property was worth an estimated $372,095. Therefore, it appears that this property also has available equity and an existing line of credit.

While asserting strained financial resources, the Defendant has put forth no reason why his current $100,000 bond cannot be secured by equity in his many properties.

## CONCLUSION

For the above reasons, the United States respectfully requests that the Court deny the Motion.

                                        Respectfully submitted,

                                        FOR THE UNITED STATES:

                                        WILLIAM D. WEINREB
                                        Acting U.S. Attorney

By:      /s/ K. Nathaniel Yeager
            K. NATHANIEL YEAGER (630992)
            SUSAN M. POSWISTILO (BBO #565581)
            Assistant U.S. Attorneys
            Office of the U.S. Attorney
            John J. Moakley Federal Courthouse
            One Courthouse Way, Ste. 9200
            Boston, MA  02210
            NY:   (617)748-3311
            SMP:  (617) 748-3103
            nathaniel.yeager@usdoj.gov
            susan.poswistilo@usdoj.gov

Certificate of Service

I hereby certify that the foregoing document filed through the ECF system will be sent electronically to counsel for the defendant.

                                        By:  /s/ K. Nathaniel Yeager
                                               K. NATHANIEL YEAGER
                                               Assistant United States Attorney

Dated:  April 13, 2017