

**U.S. Department of Justice**

***William D. Weinreb***
*Acting United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

June 5, 2017

| | |
|---|---|
| Counsel for Michael Babich: | Counsel for Alec Burlakoff: |
| Joseph Sedwick Sollers, III<br>King & Spalding, LLP<br>1700 Pennsylvania Avenue, NW<br>Suite 200<br>Washington, D.C. 20006 | George W. Vien<br>Donnelly, Conroy & Gelhaar, LLP<br>260 Franklin Street, Suite 1600<br>Boston, MA 02110 |
| Counsel for Sunrise Lee: | Counsel for Joseph Rowan: |
| Lee Stein<br>Mitchell Stein Carey, P.C.<br>One Renaissance Square<br>2 North Central Avenue<br>Suite 1900<br>Phoenix, AZ 85004 | Michael Kendall<br>White & Case LLP<br>75 State Street<br>Boston, MA 02109-1814 |
| Counsel for Richard Simon: | Counsel for Michael Gurry: |
| Steven Tyrrell<br>Weil, Gotshal & Manges LLP<br>1300 Eye Street NW, Suite 900<br>Washington, D.C. 20005-3314 | Tracy A. Miner<br>Demeo LLP<br>200 State Street<br>Boston, MA 02109 |

     Re:    United States v. Michael Babich, *et al.*
              Criminal No. 16-10343-ADB

Dear Counsel:

    Pursuant to Rule 16 of the Federal Rules of Criminal Procedure and Local Rule 116.3 of the Local Rules for the District of Massachusetts, the government responds to the Defendants' May 8, 2017, discovery request ("Request"), as follows.

    At the outset, we disagree with your definition of "government," as you have defined it in footnote 1 of your Request, as it is overly broad regarding our discovery obligations. The

government's duty to disclose extends only to information in its possession, custody, or control and does not extend to information possessed by government agents not working with the prosecution. *United States v. Hall,* 434 F.3d 42, 55 (1st Cir. 2006). Indeed, we are not under an obligation to search for and disclose information possessed by other federal or local agencies that are not involved in the investigation of this case, as your footnote 1 implies. *See also*; *United States v. Casas,* 356 F.3d 104, 115-116 (1st Cir. 2004). To date, we have provided information from agents who have participated in the investigation of this case, including the Federal Bureau of Investigation, Health and Human Services/OIG, Department of Defense, Criminal Investigative Services, the United States Postal Inspection, the United States Postal Office of Inspector General, the Employee Benefits Security Administration, U.S. Office of Personnel Management and Food and Drug Administration/Office of Criminal Investigations. We have provided to you discoverable information in our possession that we received from other United States Attorney Offices.

1. <u>Defendants' Written and Other Statements</u>

We provided to all defendants written statements in our possession, custody or control to all defendants. If your respective clients made a post-arrest statement that is not discoverable to other defendants, that has been provided individually to your client.

2. <u>Promises, Reward and Inducements</u>

We have not made a determination as to whom will be called as a witness in our case-in-chief, other than those individuals identified in our letter of February 2, 2017. Since that time, an Information charging Ms. Gurrieri with one count of Wire Fraud Conspiracy in violation of 18 U.S.C. § 1349, has been filed with the district court. *United States of America v. Elizabeth P. Gurrieri,* Civil Action No. 17-10083-MLW. Ms. Gurrieri has agreed to plead guilty to this charge, pursuant to a plea and cooperation agreement. The plea has not yet been accepted by the Court and we will give you a copy of these documents when and if it is.

With respect of other individuals, we previously provided to you statements made and testimony given during the course of this investigation. Included in that disclosure were all promises, rewards and inducement made to these witnesses. We note again that each of the witnesses who testified without a proffer letter or immunity agreement were advised they were not a target of the investigation, although we do not concede that it is a promise, reward or inducement.

3. <u>Notice of Intent to Use Evidence</u>

At this time, we intend to use evidence of search warrants executed on the telephones of Defendants Burlakoff and Rowan in our case-in-chief.

4. <u>Documents and Objects</u>

   a. We provided you with six separate indices in our discovery production of February 2, 2017, and also included further indices with every subsequent production. The March 6, 2017, production was specifically in order to assist you in your review. This production constituted a more fully Bates-stamped

version of many files from the original production and with 7 more specifically categorized indices. In our initial production we provided a document entitled "high-level index," which breaks down the bates ranges for each category of production, to assist with navigating the folders into which the material was organized. For each category, we then provided a separate index that includes further details of those materials. For materials received from third parties, we provided an index that described the date of the materials produced to the United States, the responsive party, the type of subpoena issued, the bates numbers for each production and a description of the production. The grand jury index includes the date of testimony, the witness and a description of each grand jury exhibit (nos. 1-594). We also provided an index entitled "other investigations" which outlines underlying investigations from which we received materials and broke down that investigation's witnesses, documents received, etc. We likewise did the same for witnesses who made a statement during the course of our investigation. We included an index describing audio and video materials created in the course of the investigation.

We believe that the indexes produced to you go above and beyond that which is required by Rule 116.10, and we decline to provide more.

b. The government is not obligated to provide you a spreadsheet of payments and gifts made to a speaker. Please identify a statute, federal or local rule or case in support of your request for this information.

c. The government is not obligated to provide you a spreadsheet of payments and gifts provided by Insys to any health care provider or referral source. Please identify a statute, federal or local rule or case in support of your request for this information.

5. Reports of Physical or Mental Examinations and Scientific Tests or Experiments

We are well aware of our duty to supplement our discovery responses pursuant to Rule 16(c) of the Federal Rules of Criminal Procedure and 116.7 of the Local Rules, and we will continue to do so as required by the Rules. We will endeavor to provide such information to the defendants promptly.

6. Expert Witnesses

We have not reached a final determination regarding the use of expert witnesses in our case-in-chief. We will comply with Rule 16(a)(1)(G) when such determination is made, as we expect you to do and propose that we establish an agreed upon expert witness schedule to govern the time of expert disclosures.

7. Exculpatory Evidence

Rule 116.2(b)(2), the information in this request, if discoverable at all, is not required to be produced to you until 21 days prior to trial, a date which has not yet been set in this case. We

will not produce it now, but will do so when required by the Local Rules. We note that we previously provided you with, among other things, witness statements and grand jury transcripts obtained during the course of this investigation, and that production encompasses some of the requests made herein.

Third party evidence in our possession, custody and control has been produced to you except for discovery recently received from the Southern District of Alabama. We are in the process of reproducing this and we will provide it to you within the next two weeks. We will supplement our response to this request when and if we receive additional information from other districts.

8. <u>Particularization</u>

We are not obligated to particularize each insurance company, carrier provider or payer that was defrauded. Please identify a statute, federal or local rule, or case in support of your request for this information.

9. <u>Grand Jury Testimony, Evidence, and Legal Instructions</u>

Although we were not required to do so, we previously produced the grand testimony and exhibits for each witness that testified as of the date of the Indictment. We are not obligated to produce to you statements of law as you requested, and will not do so.

10. <u>Prior Bad Act Evidence</u>

We will comply with the Federal Rules of Evidence, particularly Fed.R. Evid. 404(b) when we are required to do so.

11. <u>Notes</u>

We are well aware of our obligations under the Local Rules.

12. <u>Communications With FDA, DEA, and CMS</u>

The government is not obligated to provide you with this information. Please identify a statute, federal or local rule or case in support of your request for this information

13. <u>Document Retention or Destruction Policies</u>

The government is not obligated to provide you with this information. Please identify a statute, federal or local rule or case in support of your request for this information. information requested in this item is not discoverable information.

      We expect to produce additional material to you within the next week, that is in addition to the discovery we received from the Southern District of Alabama. We are aware of our continuing duty to supplement our production and will continue to do so.

Please feel free to contact AUSA Yeager at (617) 748-3311 or AUSA Poswistilo at (617) 748-3103 if you wish to discuss this further.

                                    Very truly yours,

                                    William D. Weinreb
                                  Acting United States Attorney

By: _____
                                  K. Nathaniel Yeager
                                  Susan M. Poswistilo
                                  Assistant U.S. Attorneys

Enclosures