

Donnelly, Conroy & Gelhaar, LLP
260 Franklin Street, Suite 1600
Boston, MA 02110
617.720.2880 ph.
617.720.3554 fx.
www.dcglaw.com

George W. Vien
gwv@dcglaw.com

September 22, 2017

VIA EMAIL, FIRST CLASS MAIL, and ECF

K. Nathaniel Yeager
Susan M. Poswistilo
Assistant U.S. Attorneys
United States Attorney's Office
John J. Moakley U.S. Courthouse
One Courthouse Way, Suite 9200
Boston, MA 02210

    Re:    United States v. Michael Babich, et al., Cr. No. 16-10343-ADB

Dear Nat and Susan:

    Pursuant to Federal Rules of Criminal Procedure 12 and 16 and Rules 116.1 through 116.3 of the Local Rules of the United States District Court for the District of Massachusetts, we write on behalf of our client, Alec Burlakoff, and with their lawyers' assent, all other defendants (collectively, "Defendants"), in the above-captioned matter. In addition to the preliminary discovery requests sought in our letter of May 5, 2017 (ECF No. 97), we submit the following additional discovery requests to the government.[1] We reserve the right to make additional discovery requests in the future, including following the completion of the government's automatic discovery productions in this matter and Defendants' review of the materials contained in those productions.

---

[1] As used throughout this motion, the term "government" includes all branches of the Justice Department, including the Bureau of Prisons, as well as all federal investigative and prosecutorial agencies involved in any way in the investigation (e.g., the Food & Drug Administration) and prosecution of the crimes charged in the Indictment. See Kyles v. Whitley, 514 U.S. 419, 437 (1995) ("[T]he individual prosecutor has a duty to learn of any favorable evidence known to the others acting on the government's behalf in the case, including the police."); United States v. Osorio, 929 F.2d 753, 762 (1st Cir. 1991) ("[T]he prosecutor is duty bound to demand compliance with disclosure responsibilities by all relevant dimensions of the government"); United States v. Owens, 933 F. Supp. 76, 86 (D. Mass. 1996) (disclosure obligation "governs all the offices of the United States Attorney and the Justice Department itself, ... the Bureau of Prisons ... and all other governmental agencies including state officers acting as agents of the federal government"); see also United States v. Wood, 57 F.3d 733, 737 (9th Cir. 1995) ("For Brady purposes, the FDA and the prosecutor were one . . . . [U]nder Brady the agency charged with administration of the statute, which has consulted with the prosecutor in the steps leading to prosecution, is to be considered as part of the prosecution in determining what information must be made available to the defendant charged with violation of the statute.").

K. Nathaniel Yeager
Susan M. Poswistilo
September 22, 2017
Page 2

1.   Request for Clarifications Regarding Electronically Stored Information Produced by the Government

The Government's various productions of documents and other records have included high-level indices that list collections of material grouped by specific Bates ranges. However, our preliminary assessment of the Government's productions suggests that more than 70,000 documents in the volumes named USAO_Prod002, USAO_Prod003, and USAO_MA_Local_Files do not have a Bates range provided in the corresponding metadata.

Further, references to produced documents described in government discovery production correspondence do not correspond to the file architecture provided. As an example, we have identified no "Other Materials" subfolder in the USAO_MA_Local_File/Document Production/Furchak, Raymond volume, although the Government suggests recordings of Defendants Burlakoff, Gurry, and Rowan are contained in such a folder. *See* Government's Automatic Discovery Letter at 2 (Feb. 2, 2017).

Defendants are pleased to organize a discussion with the government's technical personnel to better understand these potential issues and develop a solution.

2.   Evidence Regarding Review of Electronic Data Seized Pursuant to Search Warrants

In the Government's June 5, 2017 response to the Defendants' original discovery letter, the Government represented that it intends to use evidence derived from the search warrants executed on the mobile telephones of Defendants Alec Burlakoff and Richard Simon. *See* Government's Response to Discovery Letter at 2 (June 5, 2017) (ECF No. 111). Given the Government's intent to use this evidence, the Defendants request that the Government produce all documents and information which could be material to a motion to suppress such evidence. *See* D. Mass. L. R. 116.2(B)(1)(b).

Such documents and information include, but are not limited to:

a.   Whether the Government retains <u>all</u> of the electronic data it initially copied from the recipients of the warrants for later review;

b.   Whether the Government has completed its review of all of the electronic data it initially copied from the recipients of the warrants for later review, and, if so, the date of its completion of this review;[2]

---

[2] *See United States v. Metter*, 860 F. Supp. 2d 205, 215 (E.D.N.Y. 2012) ("[T]he Fourth Amendment requires the

K. Nathaniel Yeager
Susan M. Poswistilo
September 22, 2017
Page 3

      c.      Identification of the specific electronic data that the Government has "seized" pursuant to the warrant;

      d.      The steps the Government took to ensure that its review of electronic data did not intrude upon any legally recognized privileges of Mr. Burlakoff, Mr. Simon, or others;

      e.      The instructions, document review protocols, or similar guidance the Government provided to the Government employees or contractors who reviewed the electronic data copied pursuant to the warrants;

      f.      Information about any search terms or other search parameters—such as date restrictions or message senders or recipients—the Government used to prioritize documents for review, as well as the date(s) on which each search term and/or parameter was applied to the electronic data; and

      g.      The names and job titles of the Government employees or contractors who reviewed the electronic data copied pursuant to the warrants.

3.      <u>Request for Clarification Regarding Investigative Identification Procedure</u>

In the Government's February 2, 2017 discovery letter, the Government disclosed that Richard Simon was the subject of an investigative identification procedure and provided certain documents related to the procedure. Please describe the circumstances that precipitated the need for, and the use of, the investigative identification procedure.

---

government to ***complete*** its review, i.e., execute the warrant, within a 'reasonable' period of time.") (emphasis in original).

K. Nathaniel Yeager
Susan M. Poswistilo
September 22, 2017
Page 4

      Thank you for your attention to this matter. If you have any questions, please feel free to contact me.

                        Very truly yours,

                        George W. Vien

GWV/lam

cc:     Clerk's Office
       William H. Kettlewell, Esq.
       Daniel C. Sale, Esq.
       Joseph Sedwick Sollers, III, Esq.
       Lucas M. Fields, Esq.
       Mark A. Jensen, Esq.
       Alexandra G. Watson, Esq.
       Tracy A. Miner, Esq.
       Megan A. Siddall, Esq.
       Patrick O'Toole, Esq.
       Steven Tyrrell, Esq.
       Eileen Citron, Esq.
       Vanshika Vij, Esq.
       Peter E. Ball, Esq.
       Lee Stein, Esq.
       Michael Morrissey, Esq.
       Michael Kendall, Esq.
       Alexandra I. Gliga, Esq.